

**NUMBERS 13-07-00540-CR**
**13-07-00550-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JAMES LEE KENNEMUR A/K/A**
**JAMES LEE COBB KENNEMUR,**                                                   **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                        **Appellee.**

---

**On appeal from the 93rd District Court**
**of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Yañez, Garza, and Vela**
**Memorandum Opinion by Justice Garza**

On February 4, 2004, appellant, James Lee Kennemur a/k/a James Lee Cobb

Kennemur, was indicted for the offense of retaliation, a third-degree felony, in appellate

cause number 13-07-00540-CR.[1]  *See* TEX. PENAL CODE ANN. § 36.06(a)(1), (c) (Vernon Supp. 2008).  Pursuant to a plea agreement with the State, Kennemur entered a plea of nolo contendere.  The trial court deferred a finding of guilt and placed Kennemur on community supervision for five years.  On March 29, 2007, Kennemur was indicted for the offense of making a terroristic threat, a third-degree felony, in appellate cause number 13-07-00550-CR.[2]  *See id.* § 22.07(a)(4)-(6), (e) (Vernon Supp. 2008).  On March 30, 2007, the State filed a motion to adjudicate guilt, alleging that Kennemur violated several provisions of his community supervision and referencing this latest alleged offense.  On June 14, 2007, Kennemur, without the benefit of a plea agreement with the State, entered a plea of guilty to the offense of making a terroristic threat and a plea of "true" to the State's motion to adjudicate guilt.  The trial court found Kennemur guilty of both offenses and sentenced him to incarceration in the Texas Department of Criminal Justice-Institutional Division for a term of four years and six months with no fine.  On August 26, 2008, the trial court certified Kennemur's right to appeal in both cause numbers.  This appeal ensued.

## I. COMPLIANCE WITH *ANDERS V. CALIFORNIA*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Kennemur's

---

[1] Specifically, the February 4, 2004 indictment provided the following:

*James Lee Kennemur* . . . on or about the 15th day of August A.D., 2003, . . . in Hidalgo County, Texas, did then and there intentionally and knowingly threaten to harm another, to-wit:  Maria De Lourdes Pena, by an unlawful act, to-wit:  threaten to inflict bodily injury and or [sic] death to the said Maria De Lourdes Pena, in retaliation for and on account of the service of the said Maria De Lourdes Pena as a public servant.

(Emphasis in original.)

[2] The May 29, 2007 indictment provided that:

James Lee Cobb Kennemur . . . on or about the 29th day of March A.D., 2007, . . . in Hidalgo County, Texas, did then and there threaten to commit an offense involving violence to a person or property, namely, a bomb threat, with intent to place the public or a substantial group of the public in fear of serious bodily injury.

court-appointed appellate counsel has filed a brief with this Court, stating that "no arguable points of error for review exist." Counsel's brief meets the requirements of *Anders*, as it presents a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *See Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief on appellant, and (3) informed appellant of his right to review the record and to file a pro se brief. *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3. On July 18, 2008, Kennemur filed his pro se appellate brief, alleging that he should have been ordered to a psychiatric hospital for treatment rather than prison because of his alleged substance abuse issues and bipolar disorder.[3]

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S.

---

[3] Construing his pro se brief liberally, Kennemur appears to challenge the terms of the imposed sentence; namely, Kennemur argues that he should not have been sentenced to prison. The court of criminal appeals has held that the trial court is afforded a great deal of discretion in determining the appropriate punishment in any given case and "as long as a sentence is within the proper range of punishment[,] it will not be disturbed on appeal." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (citing *Nunez v. State*, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978); *Letterman v. State*, 146 Tex. Crim. 37, 171 S.W.2d 349, 350 (1943)); *see Aleman v. State*, No. 13-05-602-CR, 2006 Tex. App. LEXIS 7135, at *3 (Tex. App.–Corpus Christi Aug. 10, 2006, no pet.). Kennemur was convicted of two third-degree felonies, and section 12.34 of the penal code provides that the proper sentencing range for a third-degree felony is "for any term not more than 10 years or less than 2 years." TEX. PENAL CODE ANN. § 12.34(a) (Vernon 2003). Given that he was sentenced to four-and-a-half years' imprisonment, Kennemur's sentence falls within the proper range and may not be disturbed on appeal. *See id.*; *see also Jackson*, 680 S.W.2d at 814.

75, 80 (1988). We have reviewed the entire record, counsel's brief, and Kennemur's pro se brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Kennemur's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744. We grant his motion to withdraw. We further order counsel to notify appellant of the disposition of this appeal and the availability of discretionary review. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).

_____
DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 6th day of November, 2008.